IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

JASPER WEST, :
:
        Plaintiff, :
:
VS. :
: CIVIL No. 7:14-CV-9-HL
SARGEANT SMITH, :
:
        Defendant. :

# O R D E R

      Plaintiff JASPER DEWAYNE WEST, an inmate currently incarcerated at Jackson State Prison in Jackson, Georgia, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis*. (Docs. 1, 2.) Plaintiff's motion to proceed *in forma pauperis* was granted. (Doc. 5.) Along with the order granting Plaintiff's motion to proceed *in forma* pauperis, Plaintiff was ordered to file a supplemental complaint. (*Id.*) Plaintiff filed the supplement to his complaint on March 10, 2014. (Doc. 6.) As explained below, Plaintiff's claims are now subject to preliminary review under 28 U.S.C. § 1915A.

## DISCUSSION

### *I.    STANDARD OF REVIEW*

      Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the Complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v.*

*United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Even so, a district court must dismiss a prisoner complaint after the initial review if: (1) it is "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (requiring the same of pleadings filed by parties proceeding *in forma pauperis*).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

When determining whether a complaint fails to state a claim, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) ("The standards governing dismissal under Rule 12(b)(6) apply to § 1915(e)(2)(b)(ii)."). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, a complaint should not be dismissed "simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d

1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming court's dismissal of a §1983 complaint because factual allegations were insufficient to support alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II.   STATEMENT OF FACTS

Plaintiff complains about an alleged violation of his Eighth Amendments rights that occurred on December 22, 2011, while Plaintiff was confined at Valdosta State Prison. (Doc. 1.) According to Plaintiff, he entered the dining area of the prison and saw that they were serving fish and grits. Because he is allergic to fish, Plaintiff states that he walked to the "diet line" like he normally did. Plaintiff alleges that Defendant Smith entered the dining hall, saw Plaintiff with a tray, and "snatched it out of [Plaintiff's] hands." Plaintiff contends that Defendant Smith thought he had already eaten, so they "had words" and Plaintiff refused to leave the dining hall. Plaintiff claims Defendant Smith then handcuffed him too tightly causing his wrist to bleed. Plaintiff alleges that Defendant Smith then began pushing him hard while removing him from the dining hall and he hit the ground. Plaintiff alleges he was then dragged by Defendant Smith and put into a "fence cage" for hours with no food. (*Id.*)

### III.   ANALYSIS

#### A.   *No Eighth Amendment Violation*

The Eighth Amendment's ban on cruel and unusual punishment prohibits "the unnecessary and wanton infliction of pain [and] the imposition of pain totally without penological justification." *Evans v. Dugger*, 908 F.2d 801, 803 (11th Cir.1990); *see also McReynolds v. Ala. Dep't of Youth Servs.*, 204 F. App'x 819, 821-22 (11th Cir. 2006); *Lee v. Griner*, 188 F. App'x 877, 878 (11th Cir. 2006); *Johnson v. Breeden*, 280 F.3d 1308, 1321 (11th Cir. 2002). The Supreme Court recently clarified that the relevant inquiry is "not whether a certain quantum of injury was sustained, but rather, whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (internal quotation marks and citation omitted). The Court stated that injury and force are "only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Id.* at 38.

The factors to be considered in ascertaining whether force was used "maliciously and sadistically to cause harm" include: "(1) the extent of the injury, (2) the need for application of force, (3) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them, (4) the relationship between the need and the amount of force used, and (5) any efforts made to temper the severity of a forceful response." *Hall v. Santa Rosa Corr. Inst.*, 403 F. App'x 479, 481 (11th Cir. 2010) (citation omitted).

4

Even construing the complaint liberally in favor of Plaintiff, the Court finds that Plaintiff has not alleged any facts suggesting that Defendant Smith handcuffed and removed Plaintiff from the dining hall "maliciously and sadistically" to cause him harm. Plaintiff created the disturbance by refusing to leave the dining hall after being ordered to do so by Defendant Smith, and Defendant Smith's job as an officer at the prison requires that he mitigate such disturbances. While it is unfortunate that Plaintiff suffered a knee abrasion and bleeding on his wrists after being handcuffed and removed forcibly from the dining hall, such injuries do not appear to be severe. The Court thus finds that Plaintiff has failed to state a valid claim for excessive force against Defendant Smith. Therefore, the excessive force claims against Defendant Smith are **DISMISSED.**

To the extent that Plaintiff claims he was subjected to cruel and unusual punishment when he was denied food until the following day, those claims also fail to state a valid Eighth Amendment claim. The cruel and unusual punishments standard of the Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Generally speaking, however, "prison conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (quotations omitted). Thus, not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's constitutional rights. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). The Constitution does not mandate comfortable prisons. *Id.* Prison conditions violate the Eighth Amendment only when the prisoner is deprived of "the minimal civilized measure of life's necessities." *Id.* at 347.

To prevail on a "conditions of confinement" claim, a plaintiff must first show that the challenged conditions are objectively and sufficiently serious or extreme so as to constitute a denial of the minimal civilized measure of life's necessities.  *See Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010) (discussing objective and subjective elements of Eighth Amendment conditions of confinement claim).  This standard is met when the challenged conditions pose "an unreasonable risk of serious damage to [the prisoner's] future health or safety," *Chandler*, 379 F.3d 1289, or if society otherwise "considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 37 (1993).

Although he contends that another officer attempted to get him some food (which Defendant Smith refused to allow him to eat) on the day in question, Plaintiff does not allege a continued denial of food.  Plaintiff merely alleges that he was denied food "into the next day."  Under these circumstances, Plaintiff did not allege a deprivation that posed an unreasonable risk of serious damage to his health, and Plaintiff's alleged conditions wholly fail to evidence an "extreme" deprivation as is required to state an Eighth Amendment claim.  Therefore, Plaintiff's claims must be **DISMISSED**.

### B.    *Motion for Appointment of Counsel*

Also pending before the court is a motion for appointment of counsel filed by Plaintiff. (Doc. 8.)  Because the Court is dismissing Plaintiff's claims, Plaintiff's pending motion seeking appointment of counsel is hereby **DENIED as moot.**

### CONCLUSION

Having conducted a preliminary review of Plaintiff's complaint and supplemental complaint, as required by 29 U.S.C. § 1915A(a), the Court finds that Plaintiff's complaint and all

claims for damages against the Defendants should be **DISMISSED.** For purposes of the three strikes provision of the Prison Litigation Reform Act (PLRA), the Court determines that its decision in this case is a strike against Plaintiff. *See* 28 U.S.C. § 1915(g) (Counting as strikes any action or appeal in federal court "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.").

SO ORDERED, this 28th day of April, 2014.

*s/ Hugh Lawson*_____
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

lws